This suit has for its object the recovery of the sum of $1,214.50 which the plaintiff alleges it paid by mistake for and on behalf of the defendant on the supposition of an obligation that did not exist, and without any intention of making a gift to him of that amount.
The facts as stated in the petition are substantially as follows: In 1942 the plaintiff issued a public liability insurance policy to the defendant who operated a business known as Brooks Seafood Company at Morgan City, Louisiana, on certain motorized equipment which he owned and which included trucks used in transporting seafood to different parts of the country. The policy covered the period from May 12, 1942 to May 12, 1943. On October 12, 1943, one of the trucks was engaged in hauling seafood outside of the State and on arriving at a point about two miles south of the City of Petersburg, Virginia, met with an accident involving a vehicle driven by one H.W. Gordon and owned by the said Gordon and one Eric Eason, jointly. Both vehicles appear to have been damaged.
The accident was immediately reported to plaintiff's attorney in Petersburg by the driver of the defendant truck. The attorney made an investigation and reported to the plaintiff company's office at Baltimore, Maryland. Upon completion of the investigation, and after some exchange of correspondence, a claim presented by Gordon and Eason was settled by the plaintiff turning over to them the sum of $1,179.50 for which they executed a release and discharge to the defendant and his truck driver for all claims, demands, losses, damages, actions, causes of action of any kind and nature whatsoever arising out of the said collision. In addition to that amount plaintiff had incurred expenses to the extent of $35 which it also claims it should recover from the defendant thus making the total amount of its demand $1,214.50.
After the money had been paid to Gordon and Eason, plaintiff discovered that the policy which it had carried on the defendant's truck had expired on May 12, 1943 and was no longer in effect when the accident happened on October 12, 1943, and that is the basis on which it claims to have paid the money by mistake and through error. In the alternative plaintiff sets out that should the court not see fit to allow it to recover from defendant as having paid the amount disbursed by it in error then it should recover on the ground that it was the agent of the defendant and that it paid the amount as such agent for him and therefore he is liable to it under that theory.
The defendant filed an exception of no right or cause of action and a plea of prescription. Testimony was taken on these pleas, after which, the trial court rendered judgment sustaining the exception of no right and no cause of action. The court disposed of the alternative demand by stating that under the law of this State no recovery is possible on the theory of an agency under the state of facts set out in the plaintiff's petition. It was found unnecessary to consider the plea of prescription. *Page 263 
From the judgment dismissing the suit plaintiff took this appeal.
The exception of no cause or right of action is predicated on two propositions of law only one of which do we find it necessary to discuss as it is definitely decisive of the issue that is presented.
It is contended on behalf of plaintiff that, as appears from the allegations of the petition, it was because of the report of the accident made by defendant's truck driver that the accident was investigated and payment of the claim of Gordon and Eason resulted; that had the driver not made such report and represented to its agent at Petersburg that the truck was protected by an insurance policy against public liability, naturally there would have been no such investigation and no payment would have been made. Conceding this to be true defendant's counsel contends that nevertheless the petition fails to disclose a cause of action for the reason that under the very allegations it made, plaintiff's own negligence in investigating the claim and making payment, appears and stands as a bar to its recovery.
[1, 2] Considering the allegations of the petition which disclose that the accident, which happened October 12, 1943, had been immediately reported, that an investigation was initiated and on this report and investigation alone that the claim of Gordon and Eason was paid on November 29, 1943, as appears by plaintiff's draft of that date, the trial court held that it was plaintiff's own negligence in not ascertaining during the intervening forty-seven days whether it had a policy of insurance in effect or not that the payment was made and therefore it could not recover from defendant. The court's ruling is supported by a decision of this court in the case of Metropolitan Life Insurance Co. v. Mundy, 167 So. 894 in which the case of Carey v. Commonwealth Building Loan Ass'n,145 La. 1, 81 So. 734 was relied on as authority. The gist of these decisions is to the effect that a person will not be allowed to recover on the ground that he has paid something to another by error or mistake when it appears that the mistake is entirely the result of his own negligence or carelessness. The decision of the Metropolitan Life Insurance Company case is especially applicable as the claim resulted from the payment of money made by an insurance company through error when, like the insurance company in the present case, it was in possession of all the facts by which it could readily and easily have been determined whether it was under an obligation to pay or not.
The exception was properly sustained and the judgment appealed from which rejected the plaintiff's demand is affirmed at its costs.