74 So.2d 341 (1954)
CENTRAL SURETY & INS. CORP.
v.
CORBELLO.
No. 3851.
Court of Appeal of Louisiana, First Circuit.
May 31, 1954.
Rehearing Denied September 15, 1954.
*342 Moss & Graham, Lake Charles, for appellant.
Plauche & Plauche, Lake Charles, for appellee.
LOTTINGER, Judge.
This is an action wherein the plaintiff seeks the return of a sum of money allegedly paid by it to defendant in error. For a cause of action it is alleged in its petition that plaintiff issued to defendant a collision policy of insurance covering a 1951 Dodge automobile which became involved in an accident at about 3:00 P. M. on July 27, 1952 and that the sum of $929.76 was paid defendant by plaintiff who was under the erroneous belief that the policy was still in effect when actually it had expired at 12:01 A. M. on the same day.
The defendant in his answer admitted receiving the money but denied that the accident occurred on July 27th and averred that it happened on July 26th, which was within the policy period. Alternatively, the defendant claimed that the payment was not made through error, but was made by the plaintiff after a thorough investigation and with full knowledge of all surrounding facts.
Following trial on the merits in the Court below judgment was rendered in favor of the plaintiff as prayed for and the matter is now before us on an appeal taken by the defendant.
The first question to be answered concerns the expiration date of the policy. On the copy of same which was introduced into evidence it is stated that the policy period is from "April 27, 1951 to July 27, 1952, 12:01 A. M., standard time at the address of the named insured as stated herein," and below there is typed in the words "Fifteen Months". Counsel for defendant argued in the Court below, and he makes the same contention here, that the insertion of the words "Fifteen Months" enlarges the policy period.
We are impressed, first of all, with the fact that the policy is a standard one and, as was testified to, the commencement and expiration time is uniform throughout the country. It appears to us that the printing on the policy of the exact time when the policy is to expire is to remove all *343 doubt and to take care of just such a situation, as has presented itself here. The typewritten words "Fifteen Months" merely denotes the term of the policy. In the spaces provided in the policy for the policy period the words and figures "April 27, 1951" to "July 27, 1952" are typed in and immediately following this on the next line there is printed "12:01 A. M., standard time at the address of the named insured as stated herein," and immediately following the last quote there is a space to put in the term of the policy, such as one month, one year or fifteen months. In the policy at issue, the policy period is stated to be from 12:01 A. M., standard time on April 27, 1951 to July 27, 1952, 12:01 A. M. which is no more nor less than fifteen months. As we view the situation the insurance company sold and the assured purchased an insurance contract covering a period of fifteen months beginning at 12:01 A. M., standard time on April 27, 1951 to 12:01 A. M. July 27, 1952. The assured got exactly what he contracted and paid for.
We cannot see how the wording "Fifteen Months" can be interpreted to extend the policy under the circumstances. To hold that it would extend the policy beyond 12:01 A. M. on July 27, 1952 would invite much litigation wherein evidence would have to be received concering the exact time of issuance of insurance policies. Furthermore we would have to disregard the plain language of the contract. If the policy did not expire at 12:01 A. M. on July 27, 1952, when did it expire? The typewritten words "Fifteen Months" merely denotes that the policy period from 12:01 A. M. on April, 27, 1951 to 12:01 A. M. on July 27, 1952 covers the term of the policy or fifteen months. There is nothing in this record which indicates the time of day that the defendant requested this policy from the insurance agent. We are of the opinion that the printing on the policy of the exact time when the policy is to go in effect and when it is to expire is to have a uniform contract and to eliminate such an argument and controversy as is presented here. The standard time as printed on the policy should, we think, control and we therefore hold that the policy involved here expired under its own provisions at 12:01 A. M. on July 27, 1952.
Although the defendant denied that the accident occurred on July 27th and averred that it happened on July 26th, within the policy period, the record contains very little testimony to that effect. In fact the only witness to testify substantially to that effect was a Miss Reeves, a clerk in a clinic, who stated that the defendant's wife appeared for treatment for a laceration received in the accident on July 26, 1952. Opposed to this is the testimony of Mrs. Corbello herself who stated that according to her recollection the accident occurred on Sunday, July 27, 1952. In addition to her testimony the record contains the proof of loss signed by the defendant which recited that the accident took place at 3:00 o'clock P. M. on July 27, 1952. Finally, there is the testimony of one John Chapman, wrecker driver who picked up the car, who stated that he made the call on Sunday, July 27, 1952. The trial judge concluded that the accident occurred on the 27th day of July and we think the record abundantly supports his conclusion.
There is much testimony in the record concerning the method in which the payment was made. It will be remembered that the defendant has contended alternatively that the payment was not made in error, but only after a complete examination and with full knowledge. It would serve no useful purpose to go over all the testimony of this point as we feel that the record amply supports the trial judge's finding that payment was made through error. Certainly the plaintiff did not intend to make a donation to the defendant and the record makes it clear that payment was made through an error which, to our minds, could be expected to happen in the ordinary course of business.
There has been argument both here and in the court below concerning the question of negligence on the part of the plaintiff, it being the defendant's contention, as we understand it, that even if the policy had *344 expired at the time of the accident the plaintiff should be denied recovery because of the fact that the error was due entirely to its own fault. In support of this contention he cites and relies on the cases of Metropolitan Life Ins. Co. v. Mundy, La.App., 167 So. 894 and Pennsylvania Cas. Co. v. Brooks, La.App., 24 So.2d 262, both decided by this Court.
We have reviewed our decisions in the above referred to cases and find neither of them to be controlling here. While we did state in the Brooks case that recovery would be denied when the claim was paid as the result of negligence, it must be borne in mind that the decision there merely sustained an exception of no cause of action filed in defense to an action by a liability insurer against its former insured to recover money erroneously paid to third persons. Nor do we find the Mundy case to be controlling for there the action was not by the insurance company against its insured, but against a third party, an attorney who had received his fee from the proceeds of a life insurance policy erroneously paid.
This action, as we view it, is one which is sanctioned by Articles 2301 et seq. of the LSA-Civil Code and particularly Art. 2302, which provides that "He who has paid through mistake, believing himself a debtor, may reclaim what he has paid". It is obvious, as we have previously pointed out, that payment here was made through error and we fail to see how the question of negligence on the plaintiff's part in making payment should control his right of recovery. The defendant has admittedly received a large sum of money which, as we have found, was not due him. There is nothing in the record which would tend to show that he was injured or damaged, in any way as the result of receiving the money. Under these circumstances we do not think he should be allowed to capitalize upon and be enriched by the error made by the plaintiff.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.