CAVANAUGH, Judge.
This suit comes on appeal by plaintiff from adverse judgment rendered by the City Court of Bogalusa.
Plaintiff, Ray Yarborough, purchased a suit of clothing consisting of a coat and two pairs of trousers, from defendant, Morris Strug. The order was placed March 16, 1953, and the merchandise was received about a month later. Mr. Yar-borough wore the suit and on or about May 18, 1953, sent one pair of trousers to defendant, Bogalusa Steam Laundry, Inc., to be cleaned and pressed. Upon receipt of cleaned trousers from the defendant laundry it was found by plaintiff that the cloth was wrinkled, puckered and unfit for wear. Plaintiff continued to wear the coat and other pair of trousers, until about a month later when he sent the coat and second pair of trousers to defendant laundry for cleaning and pressing. When these were received plaintiff found they were also wrinkled, puckered and unfit for wear, whereupon the apparent defective condition was brought to the attention of the defendant Strug and the Bogalusa Steam Laundry, Inc., with the view of adjustment. Being unable to get satisfaction from either defendant, plaintiff filed this suit on October 1, 1953, against both said defendants seeking judgment against them jointly, severally and in solido in the amount of $127.50, the cost of the merchandise, and in the alternative he seeks judgment against Morris Strug in the same amount and in the further alternative he seeks judgment against Bogalusa Steam Laundry, Inc., in the same amount.
Plaintiff grounds his claim for the return of the price paid for the merchandise on LSA-Civil Code, Article 2520 which reads as follows:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
On the trial of the case, by stipulation entered into by all the parties, documents designated as Strug 1, 2 and 3, Laundry 1 and 2 and material designated as Strug 4, 5 and 6 were introduced in evidence. Plaintiff offered the testimony of himself, and called Morris Strug on cross-examination. In addition, plaintiff called on cross-examination Hans J. Baumgarten, manager of Bogalusa Steam Laundry, Inc., and I. W. Daniels, employee of the laundry who ac *346 tually handled the suit of clothes in the cleaning process. Defendant Morris Strug was the only witness in his behalf; however, certain documents were offered, as before indicated, to show absence of fault or liability on his part. Defendant, Boga-lusa Steam Laundry, Inc., presented only the above mentioned documents as its defense.
The learned Judge of the City Court of Bogalusa absolves defendant Morris Strug for legal reasons as follows:
“Mr. Yarborough admits frankly that he does not know whether the material in the clothing was defective or the clothing was ruined in the cleaning process. The testimony of Baum-garten and Daniels is somewhat limited and inconculsive but does indicate the method used in cleaning plaintiff’s garments. Moreover, since the Bogalusa Steam Laundry, Inc. is a co-defendant with Morris Strug and both of these parties are employees of Bogalusa Steam Laundry, Inc., the court is of the opinion that their testimony taken by plaintiff under cross-examination may not be used on behalf of plaintiff and against the defendant, Morris Strug. There is, therefore, no evidence whatsoever before the court that would permit recovery against the defendant, Morris Strug.”
We are not convinced the conclusion above quoted fully conforms to the law and jurisprudence in such matters. We are of the opinion that the court below would be correct in ruling out the testimony of the two laundry employees, so far as Strug is concerned, if the record shows that counsel for Strug made timely objection to such testimony. The testimony of the employee of defendant having knowledge, charge and supervision of the “matter in question” will be binding upon the defendant principal but not upon a co-defendant if objection to such testimony is timely offered by co-defendant. It is only reasonable that such should be the rule and certainly it is the rule where the employee is one of the defendants. Parks v. Hall, La.App., 179 So. 868, also comments on Act No. 115 of 1934, Sec. 2, now LSA-R.S. 13:3663, in 3 T.L.R. at page 134. A careful study of the record reveals no objection by defendant Strug to the testimony of Hans J. Baumgarten; however, objection was specifically made by counsel for Strug to the testimony of J. W. Daniels and such objection was overruled. We think that the trial court erred in overruling the objection urged against the testimony of Daniels.
Of more weight and importance, contrary to the finding of the trial court in absolving defendant Strug on the basis of the record, is the fact that the affidavit of W. H. Leonard, marked Laundry 2, was introduced in evidence by stipulation of all the parties and, therefore, is in the nature of adverse expert testimony against the interest of defendant Strug. This testimony is of the same efficacy as oral testimony given in open court. It is a part of the record, admitted upon agreement that the party would testify, if present, the same as set forth in the affidavit. The same reasoning and conclusion applies to the instrument marked Laundry 1. We are, therefore, of the opinion that there is proper evidence before the court against the interest of Morris Strug. The only offsetting evidence in the record is the report of tests made by United Custom Tailors, Inc., marked Strug 1, but this does not reveal that tests were made on the goods by subjecting them to the Sanitone cleaning process. The statement only says “one part was sent through a dry cleaning process twice.” We cannot conclude such test to be conclusive of the matter in question, and, therefore, it is our opinion, and we so hold, that the fabric of which plaintiff’s suit was made was faulty for Sanitone cleaning and such fault was a breach of the implied contract of warranty by Morris Strug to Ray Yarborough, when the sale was consummated. Plaintiff had no warning of special cleaning requirements.
The relationship between Ray Yarbor-ough and Bogalusa Steam Laundry, Inc. is what is known in the common law as the *347 bailment but, at civil law, a deposit properly so-called; however, if the person with whom the deposit is made is to receive a compensation it is no longer a deposit but a hiring. LSA-Civil Code, Art. 2929. The fact that the relationship of hiring, or bailment for hire existed between these parties is borne out by the statement on the subject found in 33 Am.Jur., page 10, Section 10, as follows:
“A laundryman, dyer, cleaner, tailor, or clothes presser to whom goods are delivered for laundering, dyeing, cleaning, repairing, or pressing is a bailee for hire, and his duties respecting the property bailed, or his liability for any loss or injury thereto while in his possession is governed by the general rules governing the duties and liability of a bailee for hire; * * *
This duty is fixed by the law of this State by LSA-Civil Code, Art. 2937, thus:
“The depository is bound to use the same diligence in preserving the deposit that he uses in preserving his own property.”
Ray Yarborough’s clothes were delivered to the cleaner, Bogalusa Steam Laundry, Inc., without any limitation of contract by either party. Therefore, the law as to the duty of the defendant laundry, as above quoted, must govern its liability, if any.
The testimony introduced in this record shows that the defendant, Bogalusa Steam Laundry, Inc., has been doing cleaning and pressing for the plaintiff for the past fifteen years, and that this was the first time he had ever received from this pressing and cleaning establishment any clothes in damaged condition. It used what is known as Sanitone process for the cleaning of the plaintiff’s suit, which process is used in some fifteen hundred dry cleaning establishments in the United States and Canada. Plaintiff’s suit was not washed in water but was dry cleaned with the Sanitone process in accordance with its instructions. Defendant has had good results with the Sani-tone process, and plaintiff’s garments were cleaned under normal procedure on two different days with no damage to accompanying garments with similar weight and texture. The offerings, Strug 1, 2 and 3, tend to place the responsibility on the defendant laundry. They state that one part of a piece of cloth similar to that out of which plaintiff’s suit was made was sent through a dry cleaning process twice without any bad effect, but they do not say what kind of dry cleaning process they used and they do not say that it was Sanitone process. The document introduced as Laundry 1 was admitted by agreement of counsel and is a letter from the National Institute of Cleaning and Dyeing in which reference is made to the suit of plaintiff in the following words:
“Fabric is made of wool. Examination reveals that the fabric is woven in a plain weave except where the short ribs are formed; the ribs are produced by varying the plain weave in such a manner that two or more yarns are gathered together to form a thick ribbed effect in the fabric. The portions of the yams forming the ribs are not held quite as tightly as the result of the yarns. Therefore, the ribbed portions tend to shrink rather easily.”
Further, under the document introduced as Laundry 2, which is an affidavit by Mr. W. H. Leonard who is a Sanitone engineer, a portion of which states as follows:
“An examination of the label (speaking of label in coat) reveals it to be a mail order suit and it is my unqualified opinion that the puckeredness of the suit is caused by shrinkage of the rib portions in the fabric which are more loosely woven than the rest of the cloth, and that if such fabric is marketed, it should be labeled as not serviceable and unsatisfactory.
“That your affiant regularly examines the Bogalusa Steam Laundry, Inc. plants and facilities as is required by the Sanitone franchise and requires that each garment cleaned in a member *348 plant be classified and cleaned under specific conditions and under specific temperatures. Cleaning records reveal that this garment (speaking of plaintiff’s suit) was cleaned under normal procedure on two different days with no damage to accompanying garments of similar weight and texture.”
From the above, we are of the opinion that the preponderance of the evidence is to the effect that the material out of which plaintiff’s suit was made is faulty and that the fault lies in the manufacturer in manufacturing the garment and not in the cleaning process used by the laundry.
If the fabric out of which the suit was made was not defective and could safely be laundered by some limited cleaning process other than Sanitone, the vendor should still be held liable because he sold a garment for which the manufacturer had not apprised the purchaser how it was to be cleaned or laundered.
There is no question in our minds that plaintiff’s suit and extra pair of pants were ruined or rendered unfit for further use after they were first sent to the cleaners. When he had the extra pants cleaned, he had no notice of any defect in the material or that the material should be cleaned or laundered by a specific process. The suit and extra pair of pants are of no value to plaintiff as they never did accomplish the purpose for which they were sold.
Defendant Strug contends that the testimony of Baumgarten and Daniels of the laundry should not be considered because it was given on cross-examination. On page 24 of the transcript, after plaintiff had rested his case, the following statement is made:
“The representatives of the Boga-lusa Steam Laundry, Inc., defendant, at this time stated in open court that the defendant, Bogalusa Steam Laundry, Inc., produces no witnesses or evidence other than what is in the record.”
Defendant, Strug makes the further contention that the plaintiff failed to allege and prove tender of the suit. The plaintiff alleges amicable demand upon the defendants, and the defendant Strug admits amicable demand, but denies any liability. The record shows that the plaintiff after he received the suit back from the laundry and after the laundry had received the letter marked “Laundry 1” turned the suit over to Strug and it was then sent by Strug to the manufacturer. Under these circumstances, we do not think that plaintiff should have been required to make any further tender.
Finding that the vendor, Morris Strug, sold the suit and extra pair of pants to the plaintiff for $127.50 and received this stun of money from the plaintiff for merchandise which was defective and unfit for the use for which it was purchased, the judgment of the lower court is avoided and reversed, and judgment is now rendered in favor of the plaintiff, Roy Yar-borough, and against the defendant, Morris Strug, d/b/a Strug’s Tailors, in the full sum of $127.50, together with five per cent interest thereon from the date of the filing of this suit until paid, together with all costs. It is further ordered, adjudged and decreed that the demand of plaintiff against the defendant, Bogalusa Steam Laundry, Inc., be rejected.