## CIRCUIT COURT OF HENRICO COUNTY

Lumbermens Mutual Cas. Co.

v.

Henry R. Thrift

May 6, 1974

Case No. 990

By JUDGE E. BALLARD BAKER

Through mutual mistake--both Lumbermens and Thrift erroneously assuming that Thrift's automobile insurance policy with Lumbermens remained in effect--Lumbermens paid $950 to Thrift for a collision loss and a total of $678.64, on two liability claims arising out of a collision involving Thrift. This is an action to recover the money thus paid.

In 44 Am. Jur. 2d, *Insurance*, § 1806, the rule is stated that, "An insurer that has made a payment under an erroneous belief induced by a mistake of fact that the terms of the insurance contract required such payment is entitled to restitution from the payee . . . unless the payee has so changed his position that it would be inequitable to require him to make full restitution."

The same general statement can be found expressed in 167 A.L.R. 470, at 472; 7 C.J.S., *Payment*, § 157; 66 Am. Jur. 2d, *Restitution*, §§ 119-134; and Appleman, *Insurance Law*, § 4010. However, this general statement is based on cases factually different. Cases most nearly similar in fact are *Pennsylvania Casualty v. Brooks*, 24 So. 2d 262 (La. 1945), and *Central Surety v. Cordello*, 74 So. 2d 341 (La. 1954). *Brooks* held that the Company could not recover from its former insured the amount it paid to a third party under liability provisions of an expired

policy. *Cordello* held that the company could recover from its former insured the amount it paid under collision provisions of an expired policy, and said *Brooks* was different. In *Continental Oil v. Jones,* 101 So. 2d 895, at 898 (La. 1966), *Brooks* was weakened a bit more when the Court observed that the insurer in *Brooks* paid without conclusive proof of liability.

Virginia has no case in point. A rule relating to payment by mistake is stated in *Central National v. First & Merchants,* 171 Va. 289 (1938), at 312, as follows:

> Accordingly, it is well settled that money paid under a mistake of fact cannot be recovered back where the payment has caused such a change in the position of the payee that it would be unjust to require him to refund.

Nowhere does there seem to be any discussion of the difference between payment to the payee, the former insured, and payment to persons having a claim against the former insured. In each case, payment is for his benefit, and whether it can be recovered from the former insured comes down to whether it would be inequitable to require him to make restitution.

As to the liability payments of $678.64, it appears that the defendant struck two parked, unoccupied vehicles. He says he went to sleep while driving. His liability is clear. There is no reason to think that Lumbermens made settlements on these liability claims in excess of the actual damage. When payment was made, Lumbermens thought it had to pay. While somewhat beside the point, Lumbermens' payment of these claims saved Thrift from the problems which would otherwise arise from being involved in an accident without having insurance applicable. Va. Code, § 46.1-449. There has been no change of position by Thrift which makes it inequitable to require him to make full restitution for this $678.64.

As to the collision payment, for this Thrift turned his vehicle over to the plaintiff as a total loss. There is no way the vehicle can be returned to the defendant. Thrift's position has changed. Is it now inequitable to require full restitution? Can he in good conscience retain the money?

In 21 R.C.L., *Payment*, § 201, cited in *Central National*, and 66 Am. Jur. 2d, *Restitution*, § 435, the text states that the burden of proving circumstances making repayment inequitable is on the payee. I do not believe Thrift has borne that burden. There is no evidence that the salvage value exceeds the $252.88 admittedly received by Lumbermens or that Thrift's position has been harmed by the mistaken payment.

Consequently, I am of opinion that Lumbermens is entitled to recover what it paid, less the salvage it received, or a total of $1,375.76. Under the circumstances, interest will be allowed from the date of judgment.