**Philip J. MULL, Jr., Plaintiff-Appellant,**

v.

**MARATHON OIL COMPANY, Defendant-Appellee.**

No. 80–3873
Summary Calendar.

United States Court of Appeals, Fifth Circuit.*
Unit A

Oct. 7, 1981.

Amato & Creely, Terrence J. Lestelle, Gretna, La., for plaintiff-appellant.

Johnson & McAlpine, Ronald A. Johnson, New Orleans, La., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

In 1978, Appellant Philip J. Mull, Jr. sustained personal injuries while working aboard a fixed oil drilling platform in the Gulf of Mexico which belonged to Appellee Marathon Oil. Mull lost approximately fifty percent of the use of his left index finger as a result of a cut he received.

Mull filed suit in August 1978 in U.S. District Court for the Eastern District of Louisiana. He claimed $100,000 in damages arising from Marathon's alleged negligence. Jurisdiction was predicated upon 28 U.S.C. § 1331 and the Outer Continental Shelf Lands Act. In November 1978, the Court set the case for trial on April 14, 1980. On April 2, 1980, a year and a half later but less than two weeks before trial, Mull moved for a continuance. This the Court denied. One week later, Mull, whether for their failure to secure the continuance or for some unrelated reason, dismissed his attorneys. On April 11 (time stamped at 12:28 p. m.), the attorneys petitioned the Court for leave to withdraw as Mull's counsel of record and for a continuance.

### Musical Attorneys

At 3:00 that afternoon, however, Mull and these same attorneys attended a previously-scheduled deposition. They participated fully in the questioning and neither they nor Mull gave Marathon's attorneys any cause to suspect anything amiss. At the end of the session, Marathon's counsel made a settlement offer of $500. Relying upon the contemporary advice of the attorneys whom he claimed to have fired two days before, Mull accepted the settlement. At 4:45 p. m. the Court, unaware of these developments, denied the motion to withdraw as counsel.

On the following Monday, April 14, the District Judge, accepting the parties' assurances that they had reached a settlement, signed a 60-day order of dismissal.[1]

Appellant, after mulling over the settlement for a few weeks, developed second thoughts and wanted to get out of the agreement. He refused to sign the release form. Marathon thereupon moved, on June

---

1. Local Rule 9.8 of the U.S. District Court for the Eastern District of Louisiana provides an informal means of enforcing extra-judicial settlements. Where the parties have unconditionally agreed to a settlement, the Court may enter a 60-day order of dismissal. If a dispute subsequently arises, the Court may grant summary judgment to enforce the settlement.

11, for summary judgment to enforce the settlement. Mull responded with a motion to set aside the order of dismissal. The Judge on August 6 conducted an evidentiary hearing at which Mull had a full opportunity to present his case. He conceded that he had agreed to the settlement. He testified that he had not wanted to do so, but "was backed in the corner" (R. 26) by pressure from his attorneys and the Court.[2]

The District Judge granted the motion for summary judgment. Mull, armed with new counsel, appeals. We affirm.

■■■ Mull sets forth several contentions of error by the District Court, none of which relates to the summary judgment. First, he contends that the Judge erred in not granting the continuance on April 2 and in denying the discharge of counsel on April 11. These claims are without merit. The Judge acted within his sound discretion in refusing to grant a continuance. His failure to grant the motion to discharge counsel finds ready explanation in the somewhat odd course of events surrounding the settlement, not the least of which was Mull's knowing participation in the deposition with his "discharged" counsel and his acceptance of the settlement worked out and recommended by them. The Court, after all, could hardly approve a settlement agreement negotiated by counsel whom it had discharged.

■ Next, Mull makes the novel argument that the Court's rulings constituted duress that should void the settlement. This claim, too, finds nothing to support it. The Judge's routine comments (see note 2, supra) as to court costs hardly were intended to overbear the Appellant's will. No evidence in the record indicates sufficient pressure on Mull to support this claim.

However much Mull may regret the settlement, the facts remain, as he acknowledged, and as the court expressly found, he agreed to it.

■ Finally, Mull argues that Marathon did not comply with provisions of Louisiana law requiring that any "transaction or compromise" putting an end to a lawsuit "must be reduced to writing." La.Civ.Code, Article 3071. Such a defect might indeed jeopardize the validity of the settlement. Yet the settlement here was memorialized by the Federal District Court's 60-day order (note 1, supra). In Morrow v. North American Bank and Trust Co., 397 F.Supp. 803 (M.D.La.1975), aff'd, 547 F.2d 309 (5th Cir. 1977), the Court observed that there existed no "sacrosanct form" for a compromise to be effective, 397 F.Supp. at 810, and it held that the announcement in Court of a settlement by the attorney for one of the parties satisfied the requirement. Certainly in this instance, where the parties informed the Court of the settlement and Marathon's attorney also mailed a letter confirming the settlement and the $500 amount to Mull's counsel, Louisiana's writing requirement is fulfilled.

AFFIRMED.

---

**2.** The Court, appellant alleges, suggested that it would assess $2,000–3,000 in court costs against him if he lost. Judge Beer filed a per curiam on February 23, 1981 in which he denied having made any such reference. Rather, the Judge stated, he made the "routine observation" that a jury award in an amount less than the jurisdictional minimum might serve as a basis for the assessment of jury costs which could amount to several hundred dollars. His reference was not to the rejection of the settlement but had to be related to Mull's inability to allege damages in excess of $10,000 for the purposes of 28 U.S.C. § 1331. See St. Paul Indemnity Co. v. Red Cab, Inc., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Johnson v. Yerger, 612 F.2d 953, 960 (5th Cir. 1980); McCord v. Moore-McCormack Lines, Inc., 242 F.Supp. 493 (S.D.N.Y.1965).