441 So.2d 1234 (1983)
PIONEER BANK & TRUST COMPANY, Plaintiff-Appellant,
v.
DEAN'S COPY PRODUCTS, INC., et al., Defendants-Appellees.
No. 15757-CA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 1983.
On Rehearing November 17, 1983.
*1235 Bodenheimer, Jones, Klotz & Simmons by J.W. Jones, Shreveport, for plaintiff-appellant.
Jerry Kircus, Shreveport, for defendant-appellee Dean's Copy Products.
Wayne H. Cobb, Jr., Shreveport, for defendant-third party plaintiff, James R. Mcllwain.
Kennedy, Goodman & Donovan by Robert Goodman, Shreveport, for third party defendant Steamer Corp.
Ed Neilson, Shreveport City Marshall, Shreveport, in pro. per.
Before PRICE, MARVIN, and JASPER E. JONES, JJ.
PRICE, Judge.
This is a suit for restitution of the payment of a thing not due. Plaintiff bank appeals the trial court judgment denying its claim, contending that the trial judge erred in holding its reimbursement of funds paid pursuant to garnishment proceedings of the Shreveport City Court was barred by its own negligence.
The defendant Dean's Copy Products Inc., as judgment creditor of Shreveport Steamer Corporation, served garnishment interrogatories on plaintiff Pioneer Bank. The bank, having an account entitled The Shreveport Steamer, answered affirmatively that it held funds in an account of the judgment debtor. A garnishment order was signed by the Shreveport City Court and the bank paid $1,073.24 to the city marshal, who in turn paid the judgment creditor.
A few days after making this payment, the bank discovered that the account to which it had attributed the payment of the judgment was not the account of Shreveport Steamer Corporation, but actually belonged to a different corporation named The Steamer Corporation, which demanded a credit to its account for the amount paid out. The bank then sued the creditor, the *1236 creditor's attorney, and the city marshal to recover the funds paid in error, relying upon Louisiana Civil Code Articles 2301 and 2310.
It was conceded at trial that the error resulted from the negligence of the bank's employees in failing to properly check the records of The Steamer Corporation's account. The trial court held that even if the bank was entitled to restitution under Civil Code Article 2310, its recovery of the money was precluded by its own negligence in making the erroneous payment. The bank contends that its negligence in paying the debt is not a factor in its claim for restitution.
The pertinent code articles provide as follows:
Art. 2301. He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.
Art. 2310. He who, through mistake has paid the debt of another to whom he believed himself indebted, has a claim to restitution from the creditor.
This right ceases, if, in consequence of the payment, the creditor has destroyed or parted with his title; but the recourse still remains to the person paying against the true debtor.
Mr. Willie Dark, the Pioneer officer in charge of garnishments, testified that at the time of the defendant's garnishment order Pioneer held two accounts bearing the customer name of The Steamer Corporation. The one from which the garnishment was paid was the corporation's general account which was entitled The Shreveport Steamer. The other was the ticket account. He further testified that there were no other accounts bearing names similar to the Shreveport Steamer Corporation or The Shreveport Steamer at that time.
When it paid the garnishment, Pioneer erroneously believed the Shreveport Steamer Corporation was one of its depositors and consequently believed itself to be a debtor of that corporation. See Allen v. Cochran, 160 La. 425, 107 So. 292 (1926), stating that the depositors in a bank are the bank's creditors. Therefore, Pioneer has, through mistake, paid the debt of one to whom it was not indebted and under the plain language of Civil Code Article 2310, quoted above, has a claim for restitution against the defendant creditor.
The defendant relies on Metropolitan Life Insurance Company v. Mundy, 167 So. 894 (La.App. 1st Cir.1936) and Pennsylvania Casualty Company v. Brooks, 24 So.2d 262 (La.App. 1st Cir.1945) in asserting that the plaintiff is not entitled to recover the payment made by mistake where the error was entirely due to the plaintiff's own negligence or carelessness. The Metropolitan Life case was brought by an insurer who paid proceeds which were actually due under an insurance policy to the wrong party, even though it had been notified that there were conflicting claims to the proceeds. The court denied the plaintiff's recovery, stating that the mistake intended by Louisiana Civil Code Articles 2301 et seq. is the honest or unavoidable mistake that the reasonably prudent individual might make under certain circumstances, and not the mistake which is entirely the result of his own gross carelessness. In the Pennsylvania Casualty Company case, the court sustained an exception of no cause of action against an insurer who had paid the claim of a third party after its insured's policy had expired and then sued its insured for reimbursement of the money under Article 2301, basing its holding on the reasoning of Metropolitan Life.
The later jurisprudence, however, has either been distinguished from these older cases on the facts, or has simply stated that the proper interpretation of this section of the Civil Code is that the payor's negligence should not bar his recovery. For example, in Jackson v. State, Teacher's Retirement System, 407 So.2d 416 (La.App. 1st Cir. 1981), where the defendant system paid the funds of the decedent's retirement account to his surviving spouse and his sole heir and it was later found that decedent's first wife was entitled to the benefits as his designated beneficiary, the court allowed the System to recover back the funds previously paid, stating that the defendant's negligence, *1237 if any, is no bar to its claim for payment in error or through mistake.
In the case of Dynamic Exploration Inc. v. Sugar Bowl Gas Corp., 367 So.2d 18 (La. App. 1st Cir.1978), writ denied 368 So.2d 142 (La.1979), the First Circuit stated:
Additionally, we adhere to what we believe to be the proper interpretation of the Code and the one which a majority of cases follow, namely that negligence per se is not a bar to recovery for the payment of a thing not due. Central Surety and Insurance Corp. v. Corbello, 74 So.2d 341 (La.App. 1st Cir.1954); Continental Oil Company v. Jones, 191 So.2d 895 (La. App. 1st Cir.1966).
See also DeVillier v. Highlands Insurance Company, 389 So.2d 1133 (La.App. 3d Cir. 1980);Texas General Petroleum Corp. v. Brown, 408 So.2d 288 (La.App. 2d Cir.1981), at 292.
We believe that the error of the bank in making payment for another to whom it was not indebted was of the character of ordinary or "honest" mistake which falls within the ambit of Louisiana Civil Code Articles 2301 et seq., and is specifically covered by Article 2310. Thus, such negligence should not bar the bank's recovery from the creditor. The defendant has received from the bank a sum of money which, while due, was not owed by the bank to defendant's judgment debtor at the time of the garnishment. We recognize that the payor's right to restitution ceases if the creditor's title is destroyed in consequence of the payment, but there is nothing in this record which would tend to show that the defendant has suffered any detriment as a result of receiving the payment from the bank. See Central Surety and Insurance Corporation v. Corbello, supra. Under these circumstances, we find that the plaintiff is entitled to reimbursement of $1,073.24 from the defendants.
One of the defendants, the attorney for the creditor, filed a third party demand against The Steamer Corporation seeking judgment against that corporation for any amount he may be cast in this proceeding. However, no evidence was presented on trial in support of this third party demand nor has it been urged in this court. The demand is therefore rejected.
Each of the defendants should be cast for only the amount received by him. Since we cannot determine from the record before us the exact amount received by each defendant of the sum paid by plaintiff, it is necessary for us to remand the case to the City Court for the taking of additional evidence as necessary to determine the amount for which each defendant should be cast in judgment to plaintiff.
For the foregoing reasons, the judgment appealed is reversed and the case is remanded to the City Court of Shreveport for a determination of the amount received by each of the defendants and for rendition of judgment in such amount against each defendant. Costs of these proceedings including this appeal, are taxed equally against the defendants.
REVERSED AND REMANDED.
PRICE, Judge.
We granted a rehearing in this matter on defendant's application which pointed out that the original trial court judgment was based on the granting of a motion for a directed verdict in defendant's favor and that defendant has not had the opportunity to put on their evidence. Although we continue to adhere to the views expressed in our original opinion insofar as it found the sustaining of the motion for directed verdict was improper on the record now before us, we find defendant's position that it should be allowed to present its evidence on a remand to be well taken. See La.C. C.P. Art. 1810.
Therefore, the judgment of our original opinion is amended to provide that the judgment appealed is reversed, the motion for directed verdict is overruled, and the case is remanded to the trial court for presentation of defendant's evidence and further proceedings consistent with this opinion and as provided by law.
REVERSED AND REMANDED.