**PRUDENTIAL INSURANCE COMPANY OF AMERICA**

v.

**Sheila Dianne Fowler HARRIS, et al.**

**Civ. A. No. 89–404–B.**

United States District Court, M.D. Louisiana.

Sept. 24, 1990.

---

David R. Kelly, Breazeale, Sachse & Wilson, Baton Rouge, La., for plaintiffs.

G. Allen Walsh, Baton Rouge, La., for defendants.

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This case represents another chapter in a scheme to defraud an insurance company of life insurance proceeds. This scheme has caused some of the parties in this case to plead guilty to criminal offenses. Prudential Insurance Company of America (Prudential) has now filed suit to recover the proceeds of a life insurance policy paid to the defendants in this case.

In June of 1981, Prudential issued a $250,000 life insurance policy to Milton W. Harris. The policy also provided an additional $250,000 accidental death benefit. Sheila Diane Fowler Harris, the wife of Milton W. Harris, was designated as the sole beneficiary of the policy. In August, 1984, Milton Harris changed the beneficiary designation, reducing Sheila's share of the policy proceeds to 34%, with the remaining 66% divided equally between the two children of Milton and Sheila Harris, Rebecca Harris and LeRoy W. Harris.

On May 24, 1985, authorities reported that Milton Harris had apparently drowned after being swept overboard from a ferry boat off the coast of New Zealand. LeRoy Harris filed a claim for his benefits under the policy on October 23, 1985. In accordance with the provisions of the policy, Prudential paid to Sheila Harris, the purported trustee for LeRoy, the sum of $171,077.05, representing LeRoy's 33% of the total death benefit, plus accrued interest to the date of payment. The check from Prudential was deposited into LeRoy's bank account on December 10, 1985. Shortly thereafter, LeRoy began spending the proceeds of the policy.

In 1989, Milton Harris was discovered to be living in New Zealand under an assumed name. He was arrested and returned to the United States to face criminal charges

in the Middle District of Louisiana. Both Milton and Sheila Harris have pled guilty to mail fraud based on this scheme to defraud Prudential before another judge of this Court.[1]

Prudential has now filed this suit seeking the return of the policy proceeds paid to the beneficiaries. The matter is now before the Court on Prudential's motion for summary judgment against LeRoy W. Harris.[2] In support of its motion, Prudential argues that it is entitled to restitution under Louisiana law concerning the payment of a thing not due.[3] Additionally, Prudential contends that the payment does not constitute a transaction or compromise under Louisiana law.[4] Prudential also disputes the defendant's contention that a constructive trust was created in this case. Finally, Prudential argues that the doctrine of equitable estoppel is not applicable under the facts in this case. In opposition to the summary judgment, LeRoy Harris' sole contention is that the doctrine of equitable estoppel precludes Prudential from recovering restitution from him.

Prudential contends that because the proceeds paid to LeRoy Harris were not due him, Prudential is entitled to have these proceeds returned to it.[5] Articles 2301–2304 of the Louisiana Civil Code are operable whether the recipient is in good faith or bad faith.[6]

Prudential had issued an insurance policy to Milton Harris which would have required Prudential to pay the proceeds of the policy to the designated beneficiaries upon Milton's death. Since the insured did not die, Prudential had no legal obligation to pay death benefits under the policy to LeRoy Harris. Consequently, the insurance proceeds paid to LeRoy Harris constitute a "thing not due" under Article 2304 of the Louisiana Civil Code. Therefore, Prudential is entitled to recover the proceeds paid to LeRoy Harris under Article 2302 of the Louisiana Civil Code.[7]

■ The Louisiana jurisprudence supports Prudential's right to recover the proceeds it paid to LeRoy Harris. The Louisiana courts have consistently held that an insurance company has a right of recovery against the insured when the company erroneously or mistakenly pays policy proceeds, reasoning the payment on the policy was not due.[8] The courts relied on this theory of law whether the payment had been made pursuant to an expired policy or when there was a double payment of the obligation by the same insurer or two separate insurers.

---

1. CR 89–57–A–M1 and CR 89–51–A–M1, respectively.

2. This case is properly before the Court based upon diversity jurisdiction. 28 U.S.C. § 1332(a). Under the *Erie* doctrine, Louisiana law must be applied to determine the merits of the motion for summary judgment.

3. La.Civ.Code arts. 2301–2313.

4. La.Civ.Code arts. 3071–3083.

5. La.Civ.Code art. 2301 provides:
   He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.
   La.Civ.Code art. 2302 provides:
   He who has paid through mistake, believing himself a debtor, may reclaim what he has paid.
   La.Civ.Code art. 2304 provides:
   A thing not due is that which is paid on the supposition of an obligation which did not exist, or from which a person has been released.

6. La.Civ.Code art. 2311 does provide that interest on the sum received unduly is recoverable if the recipient in not in good faith.

7. La.Civ.Code art. 1956 is inapplicable to this case since LeRoy Harris is not a party to the insurance contract, but only a beneficiary. Moreover, under Civil Code article 1982, a promisor does not owe performance to a third party beneficiary if the stipulator induces such performance by fraud.

8. *Central Surety & Insurance Corp. v. Corbello,* 74 So.2d 341 (La.App. 1st Cir.1954); *Dynamic Exploration, Inc. v. Sugar Bowl Gas Corp.,* 367 So.2d 18 (La.App. 1st Cir.1978), *writ denied,* 368 So.2d 142 (La.1979); *DeVillier v. Highlands Insurance Co.,* 389 So.2d 1133 (La.App. 3d Cir. 1980); *Texas General Petroleum Corp. v. Brown,* 408 So.2d 288 (La.App. 2d Cir.1981); *Shelter Insurance Co. v. Cruse,* 446 So.2d 893 (La.App. 1st Cir.1984); *Dear v. Blue Cross of Louisiana,* 511 So.2d 73 (La.App. 3d Cir.1987).

The defendant, LeRoy Harris, argues that Prudential is barred from recovering because the payment made was due entirely to Prudential's negligence. Defendant relies on *Metropolitan Life Insurance Co. v. Mundy*, 167 So. 894 (La.App. 1st Cir. 1936) and *Pennsylvania Casualty Co. v. Brooks*, 24 So.2d 262 (La.App. 1st Cir. 1945). The Louisiana courts have considered and rejected this argument in other cases. In *Central Surety & Insurance Corp. v. Corbello*, the court found that *Mundy* and *Brooks* were not applicable because payments had been made to a third party, and not the beneficiary of the policy in those cases.[9] In this case, LeRoy Harris was a beneficiary on the policy, not a third party. In *Dynamic Exploration, Inc. v. Sugar Bowl Gas Co.*, the court, faced with the same issue, stated that "[w]e adhere to what we believe to be the proper interpretation of the Code and the one which a majority of cases follow, namely that negligence per se is not a bar to recovery for the payment of a thing not due."[10] The facts of this case do not indicate that there was any negligence on the part of Prudential when it paid the proceeds due under the policy. However, even assuming Prudential was negligent, this negligence would not prevent Prudential from recovering in this case.

Prudential is entitled to the recovery of the payment made to LeRoy Harris on a thing not due under the facts of this case.[11]

■ The defendant also raises the defense that the payment to him, through his mother, was a settlement and constituted a transaction and compromise.[12] This argu-ment is without merit. The payment made in this case fails to meet the requirements mandated by the Louisiana Civil Code that the "contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding."[13] Further, for there to be a valid transaction or compromise there must first be a dispute between the parties, followed by a written agreement.[14] In this case, a claim was made by the beneficiary under the policy and Prudential paid the proceeds under the assumption that the terms of the policy were met. There was no underlying dispute between the parties. In addition to lacking the required written agreement, the parties could not have reached a mutual compromise without a known dispute.[15] It is also clear that LeRoy Harris was a minor at the time of the payment. The Civil Code prohibits any transaction or compromise on behalf of a minor without court approval.[16] Sheila Harris never sought any court authorization when she received the proceeds on LeRoy Harris' behalf. Therefore, any compromise would be null under Louisiana law.

■ The defendant further contends that Sheila Harris is the proper person to be sued in this case because the check was made payable to her both individually and as "trustee" for LeRoy Harris. In effect, the defendant argues that a constructive trust was created. This argument is neither supported by the facts presented in this case nor by Louisiana law. Louisiana law does not recognize the concept of constructive trust.[17] Further, the payment fails to meet the formal requirements nec-

---

9. 74 So.2d at 344.

10. 367 So.2d at 24. In *Pioneer Bank & Trust Co. v. Dean's Copy Products, Inc.*, 441 So.2d 1234 (La.App. 2d Cir.1983), the court, citing *Corbello* and *Dynamic Exploration*, specifically declined to follow *Mundy, supra,* and *Brooks, supra.*

11. La.Civ.Code art. 2304.

12. La.Civ.Code art. 3071.

13. La.Civ.Code art. 3071; *Troxclair v. St. Charles Parish*, 450 So.2d 759 (La.App. 5th Cir. 1984).

14. *Mull v. Marathon Oil Co.*, 658 F.2d 386 (5th Cir.1981); *Condoll v. Johns–Manville Sale Corp.*, 448 So.2d 169 (La.App. 5th Cir.1984).

15. The claim was made by LeRoy Harris' mother, Sheila, as his representative. Sheila Harris knew and participated in the fraud against Prudential. La.Civ.Code art. 3079 provides that a transaction or compromise may be rescinded "where there exists fraud or violence." Consequently, even if a compromise had been found, it could be rescinded by Prudential.

16. La.Civ.Code art. 3072.

17. *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214 (5th Cir.1986); *Schwegmann v. Schwegmann,*

essary for the creation of an inter vivos or testamentary trust under Louisiana law.[18] Even if a trust had been validly created, LeRoy Harris' complete control and access to the funds dispels any notion that a trust existed.

■ The final defense urged by LeRoy Harris is that Prudential is barred from recovery of the policy proceeds under the doctrine of equitable estoppel. Under Louisiana law, the party asserting the doctrine of equitable estoppel must prove all the facts upon which the defense is based and establish, by a preponderance of the evidence, the following three elements of equitable estoppel: (1) a representation by action or word of the plaintiff; (2) the defendant's reliance on that representation; and (3) a detrimental change in position by the defendant because of that reliance.[19] The defense of equitable estoppel is not favored in Louisiana law and is used sparingly.[20] In this case, the facts presented fail to prove any representations made by Prudential. The representations were made by LeRoy Harris' mother, Sheila, when she fraudulently filed the claim alleging Milton's death when in truth and fact she knew her husband was not dead. Prudential's payment of the claim was reasonable under the facts and circumstances of this case. The defense of equitable estoppel is without merit.

Therefore:

IT IS ORDERED that the motion of Prudential Insurance Company of America for summary judgment against LeRoy Harris is hereby GRANTED.

---

441 So.2d 316 (La.App. 5th Cir.1983), *writ denied,* 443 So.2d 1122 (La.1984), *cert denied,* 467 U.S. 1206, 104 S.Ct. 2389, 81 L.Ed.2d 347 (1984); *In re Latham Exploration Co.,* 83 B.R. 423 (W.D. La.1988) (specifically rejecting *Boyd v. Martin Exploration Co.,* 56 B.R. 776 (E.D.La.1986)).

18.  La.R.S. 9:1751–1752 (West 1965).

19.  *Junker v. Crory,* 650 F.2d 1349, 1357 (5th Cir.1981); *Marshall v. Circle K Corp.,* 715 F.Supp. 1341, 1344 (M.D.La.1989), *aff'd,* 896 F.2d 550 (5th Cir.1990); *Sellers v. Texas Flame*

*& Forge, Inc.,* 572 F.Supp. 216, 219 (E.D.La. 1983); *Wilkinson v. Wilkinson,* 323 So.2d 120, 126 (La.1975); *Duthu v. Allements' Roberson Machine Works, Inc.,* 393 So.2d 184, 186 (La. App. 1st Cir.1980); *Thebner v. Xerox Corp.,* 480 So.2d 454, 458 (La.App. 3d Cir.1985), *writ denied,* 484 So.2d 139 (La.1986).

20.  *Junker,* 650 F.2d at 1357; *Marshall,* 715 F.Supp. at 1344; *Wilkinson,* 323 So.2d at 126; *Twillie v. H.B. Zachry Co.,* 380 So.2d 747, 750 (La.App. 4th Cir.1980).