**P.T. TUGS, INC. Plaintiff-Appellee,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, Defendant-Appellant.**

No. 85–3572.

United States Court of Appeals, Fifth Circuit.

Aug. 8, 1986.

Rehearing Denied Sept. 8, 1986.

Montgomery, Barnett, Brown, Read, Hammond & Mintz, Stanley McDermott, III, A. Gordon Grant, Jr., New Orleans, La., for defendant-appellant.

Remy Chiasson, Thibodaux, La., R. Louis Carruth, New Orleans, La., for plaintiff-appellee.

Before GEE and HIGGINBOTHAM, Circuit Judges, and HARVEY *, District Judge.

JAMES HARVEY, District Judge:

During the midnight hours of July 25, 1984, the tugboat Juanita D. sank in a remote stretch of the Mississippi River. The captain awoke that night to find his tug sinking beneath him and immediately summoned his deckhand, the only other crew member. The two men jumped into the river and by the time they reached shore, the Juanita D. had sunk.

The Juanita D. was owned by appellee P.T. Tugs and insured for $225,000.00 under a time hull policy issued by appellant United States Fire Insurance Company. P.T. Tugs notified appellant of the loss and both parties conducted separate but unsuccessful searches in order to locate the wreckage of the Juanita D. Appellant, in fact, hired a marine salvage company to search ten miles of the Mississippi River near the site of the sinking using magnetometer equipment. The ship was never located and, therefore, no physical evidence exists to explain why the vessel sank.

At the time of the sinking, the Juanita D. was under charter to Lady Jeanette, Inc. and being used to assist barges on the Mississippi and perform some cable work. The tug made several trips on the Mississippi in the three to four days prior to the sinking, during which time the captain experienced no problems with his vessel. As further evidence of the tug's seaworthiness, appellee proved that a valuation survey of the vessel had been conducted on July 14, 1984 and that the tug was found to be seaworthy. Finally, appellee proved at trial that the tug had been drydocked in late 1983, repairs made to the hull, and the hull found to be in good condition.

The present dispute arose when appellant United States Fire Insurance denied appellee's claim of insurable loss. Appellant denied the claim because it believed that the Juanita D. was presumptively unseaworthy and the loss not caused by an insured peril. Appellee P.T. Tugs sued to recover under the time hull policy and the case was tried to the District Court sitting without a jury.

The District Court found that appellee had fulfilled its warranty of seaworthiness and that the casualty resulted from an insured peril. Accordingly, the District Court entered judgement in favor of appellee. The District Court also awarded appellee penalties and attorney fees pursuant to L.S.A.–R.S. 22:658 which provides for such sanctions if an insurer's failure to pay a claim is "arbitrary, capricious, or without probable cause." Appellant argues that the District Court erred both in finding contractual liability and in assessing sanctions.

■ The insurance policy issued to P.T. Tugs by United States Fire Insurance contains an Inchmaree clause which excepts from coverage any sinking attributable to the negligence of the owners or managers of the vessel. Appellant argues strenuously that the Inchmaree clause provides a viable defense to appellee's claim in this case. Appellant argues that because the Juanita D. sank in calm waters, it must be presumed to have been unseaworthy and that the evidence proffered at trial was insufficient to overcome this presumption.

The two benchmark cases in this circuit construing Inchmaree clauses are *Saskatchewan Government Ins. Office v. Spot Pak*, 242 F.2d 385 (5th Cir.1957) and *Tropical Marine Products, Inc. v. Birmingham Fire Ins. Co. of Pa.*, 247 F.2d 116 (5th Cir.1957), *cert. denied*, 355 U.S. 903, 78 S.Ct. 331, 2 L.Ed.2d 260 (1957). In *Spot Pak*, this Court noted that the American Rule is that a shipowner's warranty of seaworthiness in a time hull policy

> is not that the vessel shall continue absolutely to be kept in a seaworthy condition, or even that she be so at the inception of each voyage, or before departure from each port during the policy term. It is, rather, stated in the negative that the Owner, from bad faith or neglect,

---

* District Judge for the Eastern District of Michigan, sitting by designation.

will not knowingly permit the vessel to break ground in an unseaworthy condition.

*Spot Pak*, 242 F.2d at 388.

The Court further held that an insurer may not avoid liability under a Time Hull policy by proving negligence on the part of the master, engineer, or crew of the vessel in failing to make a vessel seaworthy. *Id.* at 389–90. Similarly, in *Tropical Marine*, this Court held that where there is no showing that the shipowner or anyone in privity with the shipowner knew of the alleged unseaworthy condition of the vessel, there is no breach of the limited warranty of seaworthiness. 247 F.2d at 120–21.

Appellant recognizes and accepts the decisions in *Spot Pak* and *Tropical Marine* but, nevertheless, argues that they are not inimical to its defense in this case. Appellant argues that the Juanita D. was habitually neglected and presumptively and unrebuttably unseaworthy in view of the fact that she sank in calm waters. In *Reisman v. New Hampshire Fire Insurance Co.*, 312 F.2d 17, 20 (5th Cir.1963), this Court held that

When a vessel sinks in calm waters, a presumption arises that the vessel was unseaworthy in some particular. *Boston Insurance Co. v. Dehydrating Process Co.*, 1 Cir.1953, 204 F.2d 441. This is a rebuttable presumption and the insured can prove that the vessel was seaworthy before the sinking. Once this particular presumption is rebutted, there arises a counter presumption that the loss was caused by a "fortuitous suit of the sea."

*See also Darien Bank v. Travelers Indem. Co.*, 654 F.2d 1015, 1021 (5th Cir.1981), *reh'g denied*, 660 F.2d 499 (5th Cir.1981).

Upon review of the record in this case, the Court is persuaded that the District Court correctly applied the law in this case and that the evidence of seaworthiness offered by appellee was sufficient to rebut any presumption of unseaworthiness. As noted earlier, the Juanita D. had been dry-docked approximately 10 months before the casualty in question, repairs made to the

hull and the hull found to be in good condition. A valuation survey of the vessel conducted only two weeks prior to the accident found the tug to be seaworthy. More importantly, the tug had made several uneventful trips on the Mississippi in the three or four days immediately preceeding the loss. During this time, the captain experienced no problems with his vessel and the tug took on no excess water. This evidence is clearly sufficient to rebut any presumption of unseaworthiness and the conclusion of the District Court finding contractual liability must therefore be affirmed.

■ Appellant's second contention on appeal is that the District Court erred in awarding punitive damages and attorney's fees under L.S.A.–R.S. 22:658. Louisiana Revised Statute 22:658 provides:

All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proof of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefore, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount....

The District Court found that appellant's decision to deny coverage in this case was arbitrary and capricious within the meaning of L.S.A.–R.S. 22:658. In reaching this conclusion, the District Court first took into consideration the fact that appellant made no claim of fraud in this case and

made no attempt to uncover any reason for a deliberate sinking or a sinking at a place other than that claimed by the appellee. Accepting that fact, the District Court found that the appellant denied the claim of insurable loss in this case based solely upon its inability to locate the wreckage of the Juanita D. and without attempting to establish any negligence on the part of appellee, Lady Jeanette, Inc., or the members of the crew. The inability to locate the wreckage of the Juanita D., however, might have been expected. Succinctly, the District Court found that if the vessel capsized with air trapped within its hull, it could have traveled a long distance downriver before sinking completely and coming to rest on the river bottom.

A finding of arbitrariness under L.S.A.–R.S. 22:658 is a factual determination which can only be reversed if clearly erroneous. *Offshore Logistics v. Arkwright-Boston Mfrs.*, 639 F.2d 1142, 1145–46 (5th Cir.1981), *reh'g denied*, 647 F.2d 1121 (5th Cir.1981) and *Howard, Weil, Labouisse, Friedrichs v. Ins. Co.*, 557 F.2d 1055, 1060–61 (5th Cir.1977). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518, 528 (1985). Nevertheless, L.S.A.–R.S. 22:658 "is penal in nature, subject to strict construction, and not to be invoked merely because the insurer is cast in judgment under the policy. *Headrick v. Pennsylvania Miller Mut. Ins. Co.*, 257 La. 1101, 245 So.2d 324 (1971)." *Smith v. State Farm Fire and Cas. Co.*, 695 F.2d 202, 206 (5th Cir.1983).

Upon review of the record in this case, the Court finds that the judgment of the District Court awarding appellee attorney's fees and penalties must be affirmed. While this Court might have reached a different result had it considered the question initially, the Court cannot say that the District Court's finding of arbitrariness is clearly erroneous. At the time appellant denied appellee's claim of insurable loss, it knew only that the vessel had sunk in calm water. Appellant denied coverage on the mere assumption that the Juanita D. was unseaworthy without investigating the factual basis for this belief. The Court finds that a sufficient factual basis exists to support the District Court's findings and that the District Court did not erroneously shift the burden of proof so as to require the appellant to prove fraud in order to avoid liability under L.S.A.–R.S. 22:658.

In view of the fact that this Court has upheld the District Court's assessment of attorney's fees and penalties in this case, appellee should also be awarded its costs in defending this appeal. *Offshore Logistics*, 639 F.2d at 1146. Believing that the appeal in this case was not unduly complex and that only a modest amount of time would have been necessary to complete the work in this case, the Court hereby awards appellee $750.00 in attorney's fees pursuant to L.S.A.–R.S. 22:658, plus the statutory 12% penalty.

Accordingly, the judgment of the District Court is AFFIRMED.