511 So.2d 73 (1987)
Candice Lang DEAR, Plaintiff-Appellant,
v.
BLUE CROSS OF LOUISIANA d/b/a Louisiana Health Service & Indemnity Company, Defendant-Appellee.
No. 86-743.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
*74 Marx and Marx, G. Paul Marx, Lafayette, for plaintiff-appellant.
Paul J. Hebert of Sonnier and Hebert, Abbeville, for defendant-appellee.
Before FORET, KNOLL and CULPEPPER[*], JJ.
KNOLL, Judge.
Candice Dear (Dear) appeals the dismissal of her medical insurance claim against her insurer, Blue Cross of Louisiana (Blue Cross). The trial court ruled that Dear's claims for treatment during the first year of the policy fell within an exclusion in the Blue Cross policy which excluded "... services rendered ... as a result of any condition exhibiting symptoms before the original effective date." Dear contends the trial court erred: (1) in finding a mere probability of a preexistent condition was sufficient proof to deny health insurance benefits; (2) in applying the exclusion to relieve Blue Cross from its burden of proof of an affirmative defense; (3) in finding that symptoms related to the eventual development of gastritis were in fact a preexistent symptom; and, (4) in failing to find Blue Cross acknowledged coverage by making partial payment of benefits. We affirm.

FACTS
Effective June 15, 1984, Dear was issued a major medical contract by Blue Cross.
On April 7, 1985, Dear was hospitalized in Lafayette for treatment of gastritis and reflex esophagitis. Following her release from the hospital Dear filed a claim with Blue Cross to recover the cost of hospital expenses and medical services. Blue Cross denied coverage of Dear's claim on the basis of an exclusionary clause in the insurance contract.

DENIAL OF BENEFITS
Dear's first three assignments of error will be combined in this opinion because they share questions regarding Blue Cross's standard of proof.
An insurance policy is a contract between the parties, and while all ambiguities must be construed in favor of the insured and against the insurer, courts have no authority to change or alter its terms under the guise of interpretation when such terms are couched in clear and unambiguous language. Moncrief v. Blue CrossBlue Shield of Ark., 472 So.2d 299 (La.App. 3rd Cir.1985). In the case sub judice we discern no ambiguity in the exclusionary clause in question. The contract specifically excludes:
"Services rendered during the first year of coverage for, or as result of, any ailment, disease, or physical condition, the symptoms of which, or the presence of any ailment, disease or physical condition (e.g. hypertension, growth) whether or not producing symptom, exhibit themselves before the Member's Original Effective Date regardless of whether the diagnosis, the condition or the disease has been established...."
The insurer must establish by a preponderance of the evidence that an illness, which it contends is excluded from coverage as a preexistent condition, did in fact predate the stipulated effective date of the policy. Cheramie v. Bd. of Trustees, 482 So.2d 742 (La.App. 1st Cir.1985), writ denied, 486 So.2d 734 (La.1986).
The manifest error rule enunciated in Canter v. Koehring Co., 283 So.2d 716 (La.1973), governs our evaluation of the trial record, whether it consists of live testimony, written reports, records, depositions or a combination of these. Virgil v. *75 American Guarantee and Liability Insurance Company, 507 So.2d 825 (La. 1987).
Applying this rule to the terms of the insurance contract and the facts of the case, we conclude the record establishes that the trial court's judgment is not manifestly wrong.
On November 2, 1980, Dear presented herself to the emergency room at Beauregard Memorial Hospital with severe pain in her stomach that would not go away. No medical tests were conducted. She received pain medication and was released with instructions to see her family physician because the emergency room physician thought she may have gall bladder problems. For the next four and one-half years she suffered similar less debilitating stomach pains, but did not require medical intervention.
On April 7, 1985, Dear again suffered a severe squeezing sensation in the area of the stomach and consulted Dr. Richard J. Schmidt at the emergency room of Lafayette General Hospital. After two days of testing Dr. Schmidt concluded that Dear suffered from erosive gastritis and reflex esophagitis.
Correlating the two hospital episodes, the learned trial judge stated:
"Now, it is true that there is no way anyone now can establish unequivocally what the diagnosis was in 1980. And Dr. Schmidt readily admits that. What I think is important is the history given to him [Dr. Schmidt] by [Candice Dear] ... that she described the pain as similar to an attack she had had approximately four and a half years ago, but had been having milder attacks approximately every six months. Now, there is some variation as to whether it's twice a year or every six months; I don't think that's too meaningful. Since the contract does not require, or since the contract states that a diagnosis of the disease need not be established or whether or not it is established, that is not necessary to deny the claim. In other words, the insurer does not have the burden, according to the policy, of establishing the diagnosis, the condition, or the disease, but simply that the symptoms appeared.

Dr. Schmidt on Page 20 [of his deposition] was asked: ... `Is it not more probable than not in your medical opinion that those symptoms that she had related to the same problem that you diagnosed after her hospitalization?' And he says, `Very likely. Very likely.' So the symptoms she had prior to his diagnosis in his opinion related to the disease he diagnosed. More probable than not. And very likely, very likely. He also stated that the symptoms of gastritis and the symptoms of gall bladder mimic each other. And the 1980 episode first impression, gall bladder stones. Dr. Schmidt's first impression or first rule[d] out ... gall stones. I'm convinced she did not have gall bladder problems in 1980 nor does she have anny [sic] now. Dr. Schmidt testified that if she had had gall bladder problems in 1980, she would still have them today; you could see the evidence of it. So there is no evidence of gall stones or gall bladder problems. It is more probable than not medically and that's all you need. Within a reasonable medical probability that it existed before; Dr. Schmidt says very likely. And he emphasized it again; very likely.
I think the defendant has met the requirements to reject the claim; and though I rule with sympathy towards the plaintiffBut the policy is not ambiguous. The conclusions of the physician are not ambiguous either. Even though when he was asked straight out by Mr. Marx can you say what it was them, [sic] he says no, nobody can. But within reasonable medical probability, she had in the Court's opinion gastritis symptoms heretofore."
Considering the broad exclusionary language of the insurance contract, the testimony of Dear regarding stomach pain prior to the inception of the policy and the medical opinion of Dr. Schmidt, we can not *76 say the trial court was manifestly wrong in its conclusions.

ACKNOWLEDGMENT OF COVERAGE
Dear argues that Blue Cross acknowledged that benefits were due because it paid a $44 claim submitted by Dear in connection with this illness. Blue Cross admits making the payment but contends the payment was made in error and, therefore, does not constitute an acknowledgment of liability for the medical claim.
We find the rationale of Central Surety & Ins. Corp. v. Corbello, 74 So.2d 341 (La.App. 1st Cir.1954), dispositive of this issue. In Central Surety an insurer was allowed to recover money erroneously paid to its insured on an expired policy, reasoning the payment was not due on the policy. Therefore, the erroneous payment did not constitute an acknowledgment of the alleged debt to the insured. The same holding is applicable to the case sub judice.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Candice Dear.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.