DOUCET, Judge.
This is an appeal from a judgment denying the plaintiff’s claim for payment under a health insurance policy.
On July 6, 1988, an agent of Louisiana Health Service & Indemnity Co., d/b/a Blue Cross of Louisiana (Blue Cross), went to the home of Sandra Hebert, plaintiff herein, and took her application for a health insurance policy. The policy was issued effective August 1, 1988. In the spring of 1989, Mrs. Hebert began submitting claims for medical expenses connected with the diagnosis and treatment of headaches. After paying some charges, Blue Cross began to investigate Mrs. Hebert’s claims. As a result of its investigation, Blue Cross discontinued payment based on its conclusion that Mrs. Hebert had a history of headache related problems which pre-existed the policy and which was not disclosed in the application.
The plaintiff filed suit for payment plus penalties and attorney’s fees as provided by La.R.S. 22:657. Blue Cross answered alleging as defenses that the policy excluded preexisting conditions and that the plaintiff made a material misrepresentation on her application for the policy.
After trial on the merits, the trial judge rendered judgment for Blue Cross dismissing the plaintiffs suit. In his reasons for judgment the trial judge found that Mrs. Hebert had made a material misrepresentation in her application for insurance. He further found that her claims were not covered because they arose from a pre-existing condition.
Mrs. Hebert appeals alleging five assignments of error as follows:
1.It was manifest error for the trial court to consider the defense of misrepresentation when the defendant failed to prove that the application was attached to the policy at the time the policy was originally issued.
2. It was manifest error for the trial court to find that there were material misrepresentations made by plaintiff in the application sufficient to avoid the policy.
3. The trial court was manifestly erroneous in finding that the defendant could avoid liability in this matter because of its “pre-existing condition” clause.
4. It was manifest error for the trial court to overrule the plaintiffs objection to the admission of evidence of other alleged application omissions and to thereafter rely on such evidence.
5. It was manifest error for the trial court not to award penalties and attorney’s for failure to pay Mrs. Hebert’s claims within thirty days of submission.

PRE-EXISTING CONDITION

We will first review the trial court’s finding that the disputed claims were not covered because they arose out of a condition which pre-existed the policy.
The policy issued by Blue Cross contains the following language:
No Health Care allowance will be provided for:
1. Any charges incurred for Pre-existing Conditions if incurred within 365 days (730 days for Acquired Immunodeficiency Syndrome (AIDS), “AIDS” Related Conditions, Human Immunodeficiency Virus (HIV) Infections, or “AIDS” Related Complex (ARC) Treatment) following the Member’s Original Effective Date.
The policy also contains language defining a pre-existing condition as follows:
“Pre-Existing Condition” means any physical condition, ailment or disease which exhibits Symptoms or Signs before the Member’s Original Effective Date, regardless of whether treatment was sought or whether or not the condition or disease has been diagnosed or established.
The pre-existing condition defense is a question of contract interpretation. The question to be considered is whether the policy excludes coverage for pre-existing conditions. Borer v. La. Health Service & Indemnity Co., 398 So.2d 1124 (La.1981). This *98 court in Dear v. Blue Cross of Louisiana, 511 So.2d 73, 74 (La.App. 3 Cir.1987) stated with regard to pre-existing conditions that:
An insurance policy is a contract between the parties, and while all ambiguities must be construed in favor of the insured and against the insurer, courts have no authority to change or alter its terms under the guise of interpretation when such terms are couched in clear and unambiguous language. Moncrief v. Blue Cross—Blue Shield of Ark., 472 So.2d 299 (La.App. 3rd Cir.1985). In the case sub judice we discern no ambiguity in the exclusionary clause in question. The contract specifically excludes:

“Services rendered during the first year of coverage for, or as result of, any ailment, disease, or physical condition, the symptoms of which, or the presence of any ailment, disease or physical condition (e.g. hypertension, growth) whether or not producing symptom, exhibit themselves before the Member’s Original Effective Date regardless of whether the diagnosis, the condition or the disease has been established....”

The insurer must establish by a preponderance of the evidence that an illness, which it contends is excluded from coverage as a preexistent condition, did in fact predate the stipulated effective date of the policy. Cheramie v. Bd. of Trustees, 482 So.2d 742 (La.App. 1st Cir.1985), writ denied, 486 So.2d 734 (La.1986).
The manifest error rule enunciated in Canter v. Koehring Co., 283 So.2d 716 (La.1973), governs our evaluation of the trial record, whether it consists of live testimony, written reports, records, depositions or a combination of these. Virgil v. American Guarantee and Liability Insurance Company, 507 So.2d 825 (La.1987).
Applying this rule to the Blue Cross policy and the facts of this case, we conclude that the trial judge did not commit manifest error in finding that Mrs. Hebert’s claims arose from a pre-existing condition which precludes recovery under the policy.
The disputed claims result from the diagnosis and treatment of severe debilitating left-side headaches. The record reflects that Mrs. Hebert, who was approximately 51 years old at the time of trial, had suffered from periodic severe debilitating headaches since her teenage years. In 1980, she was treated for severe left-side headache accompanied by nausea and vomiting. In 1983, Mrs. Hebert was hospitalized and Dr. George Isaacs did a neurological study to diagnose the origin of the headaches. In deposition, Dr. Isaacs stated that when Mrs. Hebert consulted him again in March 1989, she told him that she had had headaches off and on since seeing him in 1983. He further testified that the headaches she was having in 1989 were similar to those she had in 1983.
Mrs. Hebert argues that the pre-existing condition defense should fail under the holding of Bischoff v. Old Southern Life Insurance Co., 502 So.2d 181 (La.App. 3 Cir.1987). However, this ease is factually distinguishable from that. In Bischoff doe plaintiff fully disclosed her medical history to the agent who misrepresented the history on the application. In this case, Mrs. Hebert’s own testimony makes it clear that she failed to disclose the full extent of her headache problem. In a particularly disingenuous manner, she attempted in testimony to excuse this by saying her headaches were not the main complaint for which she had sought treatment in the past. However, the record reflects that prior to applying for the policy, Mrs. Hebert frequently consulted doctors for a wide variety of medical complaints and that headaches were frequently among the symptoms she described to the various doctors consulted. In fact, only a short time before filling out the application for insurance, Mrs. Hebert had consulted a doctor for symptoms which included headache.
Considering the broad language of the policy provision excluding pre-existing conditions, the medical testimony and Mrs. Hebert’s own testimony, the record adequately supports the trial judge’s conclusions. Having so found, we need not consider the remaining assignments of error.
Accordingly, the judgment of the trial court is affirmed at plaintiff’s cost.
AFFIRMED.