United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 04-30781

_____


ANNIE MAE WILLIAMS,

Plaintiff-Appellant,


versus


TRUSTMARK INSURANCE CO., ET AL.,

Defendants,

TRUSTMARK INSURANCE CO.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:03-CV-1330

_____


Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

This case requires us to interpret a Louisiana state law that awards penalties to insurance

beneficiaries whose claims were wrongly denied. We affirm in part and reverse in part.

## I. FACTS AND PROCEEDINGS

Annie Mae Williams began participating in the Terrebonne Parish School Board's health

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

insurance plan in 1990. Her policy allowed a lifetime maximum benefit of one million dollars. Additionally, the policy contained an annual restoration provision (or "add-back" provision), by which the lesser of two thousand dollars or the actual benefits paid in a given year would be restored to the lifetime maximum benefit. In 1998, Trustmark Insurance Co. ("Trustmark") acquired the School Board's insurance plan from its previous provider. Trustmark retained the services of the plan administrator, Gilsbar, Inc., that had serviced Williams's plan since its inception. Trustmark did not alter the plan's lifetime maximum benefit or add-back provision.

Beginning in May 2002, Trustmark denied Williams's incoming claims, explaining that Williams had reached her policy's lifetime maximum benefit. Williams believed that she had not reached the lifetime maximum benefit, though she had no documentation to confirm her belief. Williams submitted a complaint against Trustmark and Gilsbar to the Louisiana Department of Insurance ("DOI"). DOI requested Trustmark itemize the paid benefits. Trustmark sent two response letters in July, informing DOI that Gilsbar was assembling the requested information and that Trustmark also was contacting the School Board to determine if it had any record of certain claims. On July 31, Trustmark sent Gilsbar's computer records of Williams's benefit payments to DOI. Though one record showed a total of one million dollars in paid benefits, Gilsbar's records only documented itemized expenses totaling $912,954.48.[1]

On August 6, DOI informed Trustmark that it would only accept itemized expenses as substantiation that Williams's lifetime maximum had been reached. Trustmark responded that it had requested additional detailed reports from Gilsbar. On September 10, Trustmark admitted to DOI

---

[1]The records showed an additional $71,333.90 in paid benefits from July 1, 1995, to June 30, 1996, and $7,216.30 in paid benefits for prescription drugs. However, these aggregate subtotals were not substantiated by itemized expenses.

that Gilsbar was unable to provide detailed data on any claims prior to 1996, when Gilsbar had replaced its computer system. Unsatisfied with Trustmark's documentation, DOI required Trustmark to count only itemized expenses toward Williams's lifetime maximum. Subsequently, Trustmark allowed payment for an additional $87,045.52 in claims that Williams had accrued between January and September 2002. Additionally, conceding that it had neglected to follow the add-back provision for the entirety of Williams's policy coverage, Trustmark paid an additional $24,000 toward Williams's unpaid claims.

Louisiana law, however, provides a more substantial remedy than simply paying improperly denied benefits. Under LA. REV. STAT. § 22:657, an insured may recover an additional penalty from an insurer in the amount of the improperly denied claim when the insurer denied the claim without "just and reasonable grounds." Williams sued Trustmark in state court pursuant to the statute, and Trustmark timely removed the case to federal court. The case was submitted to the district court upon stipulated facts and oral argument. The district court denied additional statutory penalties for the $87,045.52 in benefits because Trustmark reasonably relied on Gilsbar's data and its relationship with Gilsbar. However, the district court penalized Trustmark $12,000 for not applying the add-back provision for the six years between 1997 and 2002; it did not require Trustmark to remit any add-back money from 1990 to 1996 because, as Williams herself argued, Williams accrued no expenses in those years and, therefore, no add-back was required. As previously noted, Trustmark had paid $24,000 pursuant to DOI's interpretation of the add-back provision; of this amount, based on the district court's judgment, Trustmark properly paid $12,000 in benefits pursuant to the add-back provision, but overpaid $12,000. Since Trustmark already had mistakenly paid an extra $12,000 on Williams's behalf, though not directly to her, the district court credited Trustmark's overpayment

toward the $12,000 statutory penalty Trustmark owed Williams under LA. REV. STAT. § 22:657, finding the penalty satisfied.[2]  Additionally, the district court ordered Trustmark to pay $4,000 in attorney's fees.

Williams timely appealed the district court's decision refusing to penalize Trustmark for the $87,045.52 in denied benefits and its finding that Trustmark already had satisfied the $12,000 penalty.

## II. STANDARD OF REVIEW

In a suit for penalties under LA. REV. STAT. § 22:657, the district court's finding of "just and reasonable grounds" is a fact determination, which we will not disturb absent clear error.  *Nolan v. Golden Rule Ins. Co.*, 171 F.3d 990, 993–94 (5th Cir. 1999).  *See* FED. R. CIV. P. 52(a).  "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cox v. City of Dallas, Tex.*, 430 F.3d 734, 747 (5th Cir. 2005) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)).  "A factual finding is not clearly erroneous as long as it is plausible in the light of the record as a whole."  *Sealed Appellant v. Sealed Appellee*, 394 F.3d 338, 342 (5th Cir. 2004) (internal quotation omitted).  The district court's interpretation of whether payments to third-parties satisfy the penalty provisions of LA. REV. STAT. § 22:657 is a purely legal question, which we review de novo.  *Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991); *Vero Group v. ISS-Int'l Serv. Sys.*, 971 F.2d 1178, 1181 (5th Cir. 1992).

## III. DISCUSSION

---

[2]Specifically, the district court stated:  "The record indicates that although the terms of the policy required Trustmark to pay Ms. Williams $12,000 in restoration benefits, Trustmark has already paid Ms. Williams $24,000 in restoration benefits.  Accordingly, Trustmark's penalty interest obligation to Ms. Williams has been satisfied."

**A.      Louisiana Law**

La. Rev. Stat. § 22:657 provides, in pertinent part:

> All claims arising under the terms of health and accident contracts issued in this state . . . shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist. . . .  Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court. . . .

LA. REV. STAT. § 22:657(A).  The double damages penalty is inclusive of payment of the improperly denied benefits.  *See Bischoff v. Old Southern Life Ins. Co.*, 502 So. 2d 181, 185 (La. Ct. App. 1987).  Courts construe strictly the phrase "just and reasonable grounds," levying penalties only if the insurer's refusal to pay was arbitrary and capricious.  *Nolan*, 171 F.3d at 993 (citing *Shrader v. Life Gen. Sec. Ins. Co.*, 588 So. 2d 1309, 1317 (La. Ct. App. 1991)).

**B.      The $87,045.52 Penalty**

With regard to the $87,045.52 in denied benefits, Williams argues that the district court erred in interpreting and applying the "just and reasonable" standard, and in any event, the district court should have ruled in her favor because Trustmark acted arbitrarily.  Williams's arguments are unavailing.

In denying Williams's request for penalties, the district court stated:

> The record indicates that Gilsbar's assurances were based on records that indicate that Trustmark had made $1,000,000 in benefit payments.  Gilsbar's records did not itemize Trustmark's expenditures, and thus they ultimately proved inadequate to eliminate Trustmark's duty to provide $87,045.52 in additional benefits. Nonetheless, Trustmark's decision was based on some objective evidence and made in good faith. Its determination that Williams had reached her $1,000,000 maximum benefit was therefore not arbitrary and capricious.

The district court's finding was plausible in light of the entire record and, therefore, was not clearly erroneous. Gilsbar's records, relied upon by Trustmark, were not precisely clear but were not so devoid of information that it was unreasonable for Trustmark to conclude that Williams's lifetime maximum had been reached. Trustmark worked with Gilsbar and DOI to determine which available number should control—the gross number showing one million dollars in paid benefits or the smaller aggregate total of itemized expenses. Importantly, Williams never brought forth evidence, or even alleged, that Louisiana law or DOI's prior practice was to allow companies to substantiate denied benefit claims only with itemized expenses rather than aggregate category totals. Once DOI decided that the latter number should control, Trustmark promptly paid the claims.[3] The district court did not clearly err in finding that Trustmark relied on "just and reasonable grounds," even though the denial of benefits later was deemed improper. Accordingly, we affirm this portion of the district court's ruling.

## C.     The $12,000 Penalty

The district court found that Trustmark did not have "just and reasonable grounds" to deny crediting Williams's policy $12,000 pursuant to the add-back provision. Trustmark did not appeal the district court's ruling, so the only issue before this court is whether the district court properly allowed Trustmark to offset the penalty against claims Trustmark had erroneously paid on Williams's behalf. Pursuant to DOI's command, Trustmark had paid $24,000 in Williams's medical claims pursuant to the add-back provision; the district court found that Trustmark only properly should have added back $12,000. The district court found that Trustmark had satisfied the debt, since Trustmark

---

[3]Trustmark stands by its position that it had already paid one million dollars in benefits for Williams by May 2002. However, because DOI subsequently required more substantiation than Trustmark could provide, Trustmark followed DOI's command to pay the additional $87,045.52 in benefits.

owed Williams $12,000 in penalties but had also overpaid $12,000 to her creditors *on her behalf*.

The district court's solution is not supported by the statute's plain language. The statute states: "Failure to comply . . . shall subject the insurer to a penalty *payable to the insured*. . . ." LA. REV. STAT. § 22:657 (emphasis added). Trustmark cites no caselaw in support of the offset. Furthermore, Trustmark does not suggest the existence of any lien, subrogation, or creditor intervention that would justify the district court in accepting the third-party payment in satisfaction of the statutory penalty. Since the statute is clear as to whom the benefit should be paid, we reverse the district court's decision to allow Trustmark to offset the penalty against the overpaid amounts.

**D.     Attorney's Fees**

Because Williams partially prevails on appeal, she is entitled to attorney's fees. *See* LA. REV. STAT. § 22:657. *See also P.T. Tugs, Inc. v. U.S. Fire Ins. Co.*, 796 F.2d 125, 128 (5th Cir. 1986) (awarding attorney's fees necessary to defend against an insurance company's appeal of an adverse district court judgment under LA. REV. STAT. § 22:658, a similar statute); *Lanclos v. Guardian Life Ins. Co. of Am.*, 607 So. 2d 1089, 1093 (La. Ct. App. 1992) ("[T]he trial judge correctly awarded penalties and attorney's fees . . . under . . . [LA. REV. STAT. §] 22:657. Additionally, plaintiff is entitled to additional attorney's fees for the appeal of this matter."). On remand, the award of attorney's fees is to be recalculated to include Williams's appellate fees for the claim on which she here prevails.

## IV.  CONCLUSION

We AFFIRM the district court's judgment that Trustmark acted with "just and reasonable grounds" even though improperly denying the $87,045.52 in benefits. With regard to the $12,000 in denied benefits, we REVERSE AND REMAND the district court's decision to allow offset against

third-party payments.  Additionally, on remand, the district court shall award attorney's fees Williams expended on her prevailing claim on appeal.